**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**-------------------------------------------------------X**
**KENNETH AUBREY**

        **Plaintiff,**　　　　　　　　　　　　　　**22-CV-00220 (RNC)**

**Vs.**

**U.S.1 CHEVROLET OF MILFORD, LLC**
**TANTILLO AUTO GROUP PLLC,**

        **Defendant.**
**-------------------------------------------------------X**

As their Answer to the Amended Complaint filed by and on behalf of plaintiff Kenneth Aubrey ("plaintiff") in the above-captioned case, defendants U.S.1 Chevrolet of Milford, LLC, and Tantillo Auto Group LLC (all collectively referred to as "defendants") admit, deny and allege as follows

1. Paragraph 1 of plaintiff's Complaint consists of a characterization of claims, to which no response is required. However, defendants deny violating federal wage and hour laws and further deny that plaintiff is entitled to any form of relief.

2. Paragraph 2 of plaintiff's Complaint consists of a characterization of claims, to which no response is required. However, defendants deny violating state wage and hour laws and further deny that plaintiff is entitled to any form of relief.

3. Paragraph 3 of plaintiff's Complaint consists of a characterization of claims, to which no response is required. However, defendants deny that plaintiff's claims, or any of them, are meritorious.

4. Paragraph 4 of plaintiff's Complaint consists of a legal conclusion to which no response is required. However, defendants deny that plaintiff's claims, or any of them, are meritorious.

5. Defendants deny the allegations in Paragraph 5 of plaintiff's Complaint, except that defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that plaintiff resides in Northford, Connecticut.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants admit the allegations of Paragraph 7 of the Complaint.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in the paragraph 9 of the Complaint.

10. Defendants deny the allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations set forth in the paragraph 20 of the Complaint.

21. Defendants deny the allegations set forth in the paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.[1]

---

[1] Plaintiff's enumerated paragraphs repeat in cycles after the first "Paragraph 22" as such Defendants will continue to respond to the paragraphs as cited by Plaintiff. Furthermore, regarding Plaintiff's citation to grouped paragraphs "1-

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 22 of the Complaint.

26. Defendants deny the allegations in Paragraph 23 of the Complaint

27. Defendants deny the allegations in Paragraph 24 of the Complaint

28. Defendants deny the allegations in Paragraph 25 of the Complaint

29. Defendants deny the allegations in Paragraph 26 of the Complaint

30. Defendants deny the allegations in Paragraph 22 of the Complaint

31. Defendants deny the allegations in Paragraph 23 of the Complaint.

32. Defendants deny the allegations in Paragraph 24 of the Complaint.

33. Defendants deny the allegations in Paragraph 25 of the Complaint.

34. Defendants deny the allegations in Paragraph 23 of the Complaint.

35. Defendants deny the allegations in Paragraph 24 of the Complaint.

36. Defendants deny the allegations in Paragraph 25 of the Complaint.

37. Defendants deny the allegations in Paragraph 26 of the Complaint.

38. Defendants deny the allegations in Paragraph 25 of the Complaint.

39. Defendants deny the allegations in Paragraph 26 of the Complaint.

40. Defendants deny the allegations in Paragraph 27 of the Complaint.

41. Defendants deny the allegations in Paragraph 28 of the Complaint.

42. Defendants deny that plaintiff is entitled to the relief sought in his Demand for Relief or any other form of relief.

---

21" in the preamble to each count, does not call for response but to the extent it does Defendants respond by denying each and every citation thereto.

**Defenses**

Defendants allege the following defenses to the claims and allegations set forth in plaintiff's Complaint:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The actions complained of were reasonable and in full accord with applicable law.

**THIRD DEFENSE**

If defendants, or any of them, violated the Fair Labor Standards Act and/or the Connecticut Minimum Wage Act, and defendants expressly deny such was the case, the underlying act or omission giving rise to a violation was in good faith and based on reasonable grounds for believing the act or omission did not violate federal or state wage and hour laws.

**FOURTH DEFENSE**

Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

**FIFTH DEFENSE**

Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

**SIXTH DEFENSE**

Plaintiff was not an employee of Defendant Tantillo Auto Group LLC.

**EIGTH DEFENSE**

Plaintiff is not entitled to liquidated damages because at all times defendants acted in good faith and had reasonable grounds for believing that their acts and/or omissions were not a violation of federal or state wage and hour laws.

### NINTH DEFENSE

This action is barred, in whole or in part, as to all hours allegedly worked of which the defendants lack actual or constructive knowledge.

### TENTH DEFENSE

The defendants have met and satisfied any and all obligations to the plaintiff that arose out of and during his employment and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### ELEVENTH DEFENSE

The allegations of the Complaint are insufficient to entitle the plaintiff to punitive damages. The defendants' conduct was not willful, wanton and/or egregious and punitive damages are not available on any of the plaintiff's claims.

### TWELFTH DEFENSE

Defendant Tantillo Auto Group LLC is not an employer under the FLSA or Connecticut law.

### THIRTEENTH DEFENSE

Any claim for additional compensation by the plaintiff must be reduced by compensation already paid to the plaintiff for periods not compensable under the Fair Labor Standards Act and or Connecticut law.

### FOURTEENTH DEFENSE

The plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or any of the Connecticut General Statutes.

### FIFTEENTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's claims of emotional distress in the Complaint, the words and conduct complained of were not extreme or outrageous or malicious or severe or pervasive.

### SIXTEENTH AFFIRMATIVE DEFENSE

With respect to all Causes of Action contained in the Complaint, Defendants deny that the Plaintiff suffered any emotional, psychological and/or physical damages whatsoever as a result of any actions taken by Defendants and any emotional, psychological and/or physical condition suffered by Plaintiff is attributable to causes wholly independent of any actions taken Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

With respect to all Causes of Action contained in the Complaint, Plaintiff's claims for emotional, psychological and/or physical damages are barred by the exclusivity provisions of the Connercituc Workers' Compensation Act.

Respondents reserve the right pending completion of discovery to assert any additional defenses that may exist.

Dated: April 29, 2022     **MILMAN LABUDA LAW GROUP PLLC**
*Attorneys for Defendants*

By: _____/s/_____
Michael J. Mauro, Esq. CT30956
Emanuel Kataev, Esq. CT30975
3000 marcus Ave.
Suite 3W8
Lake Success, NY 11042
(516) 328-8899

michael@mllaborlaw.com
emanuel@mllaborlaw.com